# In the United States Court of Federal Claims

No. 13-509C

(Filed: January 6, 2014)

FILED

JAN 6 2014

U.S. COURT OF
FEDERAL CLAIMS

```
*************************************
                                    *
MARTIN WILLIAM BEAVER,              *
                                    *
              Plaintiff,            *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
                                    *
*************************************
```

## ORDER OF DISMISSAL

On September 24, 2013, counsel for the Government filed a motion to dismiss *pro se* Plaintiff Martin William Beaver's complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") and for failure to state a claim under Rule 12(b)(6). Because Mr. Beaver did not respond by the due date, the Court issued an order to show cause, requiring him to explain why his complaint should not be dismissed. On November 20, 2013, Mr. Beaver filed his response, augmenting his complaint with additional allegations and appealing to notions of justice and reasonableness. Although the Court sympathizes with Mr. Beaver's current personal situation, it must, for the reasons set forth below, dismiss his complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

### A. Subject Matter Jurisdiction

Subject matter jurisdiction is defined as a court's authority to hear and decide the case before it. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998). Thus, the existence of subject matter jurisdiction must first be established before this Court can consider the merits of a complaint. Id. at 94-95. If the Court determines that it lacks jurisdiction, then it must dismiss the action. RCFC 12(h)(3).

In accordance with the Tucker Act, 28 U.S.C. § 1491, this Court's jurisdiction is generally limited to claims founded on a "contract, regulation, statute, or constitutional provision that provides for money damages against the United States." Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir. 2013), *cert. denied*, 134 S. Ct. 259 (2013). In other words, a plaintiff's claims must be based on a source of law that requires the Government to pay a sum of money as compensation for the loss or injury it caused. United States v. Mitchell, 463 U.S. 206, 216 (1983).

Whether this standard has been met is determined by reference to the complaint, which must "state the necessary elements of the plaintiff's claim." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997). Although *pro se* pleadings are held to a relatively lenient standard, *pro se* litigants still bear the burden of establishing jurisdiction by a preponderance of the evidence. Kalick v. United States, 109 Fed. Cl. 551, 556 (2013), *aff'd*, No. 2013-5065, 2013 WL 5992074 (Fed. Cir. Nov. 13, 2013). When the complaint is not clearly articulated, the Court will "look to the true nature of the action in determining the existence or not of jurisdiction." Katz v. Cisneros, 16 F.3d 1204, 1207 (Fed. Cir. 1994).

In this case, the "true nature of the action" involves only private parties, not the Government, and therefore is not within this Court's jurisdiction. Specifically, Mr. Beaver states that he "was 'separated' from Raytheon Missile Systems (RMS) on April 17, 2012 after over 24 years of service," and was "compelled" to sign a severance agreement, including a provision that RMS would never rehire him. Compl. 1-2; Resp. 3. As relief, Mr. Beaver requests the Court to "order Raytheon Corporate Human Resources to expunge that provision and immediately reinstate [him] back to [his] Raytheon 'home' in Santa Barbara," Compl. 4, and award him $5,339,692.09 in damages, Compl. 4, 12.

The incident underlying Mr. Beaver's separation from RMS occurred in November 2011, when he moved to a new workspace. Compl. 1. For approximately the previous seventeen years, RMS had provided Mr. Beaver with an external hard drive, where he stored "tens of thousands" of unclassified but confidential company files, including "documents and data associated with [RMS's] development of the AN/ALE-50 system and related activities." Compl. 1. Mr. Beaver was aware that over the years some of that originally unclassified data may have been upgraded in classification level, for example, to secret. Compl. 2. Because his new workspace did not permit storage of the drive, he asked his supervisor and other individuals at RMS what to do with it, but, as his move date approached, he still had not received clear guidance. Compl. 1. In the absence of guidance, Mr. Beaver "decided the only professional, responsible thing to do was to encrypt" the drive and take "it to [his] home office, which is alarmed and/or guarded 24/7." Compl. 1. In December 2011, a few weeks after Mr. Beaver took the hard drive to his home, he was contacted by an RMS human resources officer and told he

was suspended with pay, then driven home by RMS security personnel, who retrieved both the hard drive and Mr. Beaver's laptop. Compl. 2; Resp. 3. On April 17, 2012, Mr. Beaver was separated from RMS with "no explanation." Compl. 2.

The critical point is that these allegations, which form the foundation of Mr. Beaver's complaint, involve actions by private parties only, and any claims arising from these acts performed by RMS necessarily fall outside this Court's jurisdiction. See May v. United States, No. 2012-5109, 2013 WL 3984993, at *3 (Fed. Cir. Aug. 6, 2013) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." (quoting United States v. Sherwood, 312 U.S. 584, 588 (1941))); Hufford v. United States, 85 Fed. Cl. 607, 608 (2009) ("[T]his Court does not have subject matter jurisdiction to entertain controversies between private parties."). Nonetheless, Mr. Beaver attempts to state claims against the Government on two grounds: first, because he "believe[s] that Raytheon simply acted as [the Government's] puppet"; second, because his future career prospects have been "destroyed" by the Government's investigation into his conduct. Compl. 4.

B. Stating a Claim

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must be "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Facial plausibility exists when the complaint, viewed in the light most favorable to the plaintiff, contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Determining whether such an inference is reasonable is "a context-specific task that requires the . . . court to draw on its judicial experience and common sense." Id. at 679.

Mr. Beaver's first argument for stating a claim against the Government fails because it is based not on facts, but on "conclusion[s] couched as . . . factual allegation[s]." Kam-Almaz v. United States, 682 F.3d 1364, 1368 (Fed. Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). For example, although Mr. Beaver "infer[s] . . . that [his separation from RMS] was in the Government's hands," Compl. 2, and concludes that "[t]he situation resulted from excessive undue action by the U.S. Air Force," Compl. 1, there are no concrete allegations that would support such an inference or conclusion. In fact, according to Mr. Beaver, RMS informed him that he "would never be reinstated," regardless of the results of the Government's investigation. Compl. 3. In other words, his separation from RMS was a decision made by his private employer and, therefore, cannot support a claim against, or jurisdiction over, the Government.

3

His second argument fails because "no one has a 'right' to a security clearance," let alone to be free from security investigations. Gargiulo v. Dep't of Homeland Sec., 727 F.3d 1181, 1184 (Fed. Cir. 2013) (quoting Dep't of Navy v. Egan, 484 U.S. 518, 528 (1988)). Regardless of whether Mr. Beaver is correct that "[b]eing a subject of an FBI investigation . . . is a career killer," Compl. 3, the fact that his conduct resulted in an investigation does not give rise to a cause of action in this Court. Indeed, the U.S. Court of Appeals for the Federal Circuit has "consistently held that employees do 'not have a liberty or property interest in access to classified information, and the termination of that access therefore [does] not implicate any due process concerns.'" Id. at 1185 (quoting Jones v. Dep't of Navy, 978 F.2d 1223, 1225 (Fed. Cir. 1992)).

C. Transfer

When dismissing an action for lack of subject matter jurisdiction, the Court shall, "if it is in the interest of justice, transfer such action or appeal to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, however, transfer would not be in the interest of justice because the complaint does not state a cognizable claim against any party. In essence, Mr. Beaver's complaint boils down to his termination by a private company for taking home a company hard drive which may have contained classified information. Nowhere does Mr. Beaver allege any actual wrongdoing on the part of either the Government or RMS, and therefore there is no justification for transferring this action to another court.

D. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, and Plaintiff's complaint is DISMISSED without prejudice for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

*Thomas C. Wheeler* (signature)
THOMAS C. WHEELER
Judge